IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN HENRY GREEN,      §  |   |   |
|     TDCJ ID# 2401643,   §  |   |   |
|     BOP ID # 21431-509,   §  |   |   |
|         Movant,   §  |   |   |
|          §  | No. 3:23-CV-271-K |   |
| v.   § | (No. 3:20-CR-515-K-1) |   |
|          §  |   |   |
| UNITED STATES OF AMERICA,   §  |   |   |
|     Respondent.   §  |   |   |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant John Henry Green's *Amended Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Dkt. No. 6). Based on the relevant filings and applicable law, the Section 2255 motion is summarily **DISMISSED WITHOUT PREJUDICE** and, liberally construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254, it is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

### I. BACKGROUND

After being charged in a two-count indictment, Green pled guilty to one count of possession of a firearm by a convicted felon in the underlying federal criminal proceedings. *See* Crim. Dkt. Nos. 1, 28, 32. The Court sentenced him to 25 months' imprisonment, to run concurrently with sentences imposed in related Case Nos. F-2057483 and F-2057484 pending in Dallas County Criminal District Court No. 2 in Dallas, Texas, and to be followed by three years of supervised release. *See* Crim. Dkt. No. 38. Green did not appeal his conviction or sentence.

Green subsequently sent a letter motion addressed to the undersigned that was liberally construed as a first motion to vacate sentence under 28 U.S.C. § 2255. *See* Crim. Dkt. Nos. 41-42. This Section 2255 action was opened as a result, and the Court issued a deficiency notice and order in accordance with *Castro v. United States*, 540 U.S. 375 (2003). *See* Dkt. Nos. 3-4. That order directed Green to file either an amended Section 2255 motion on the appropriate form raising all of his grounds for relief or a notice of dismissal if he intended to dismiss the newly opened habeas action. *See* Dkt. No. 4. In response to the order, Green filed an amended Section 2255 motion asserting the following grounds for relief relating to his state criminal proceedings and convictions: (1) involuntary guilty plea; (2) coerced confession; (3) double jeopardy; and (4) ineffective assistance of state trial counsel. *See* Dkt. No. 6; Dkt. No. 7 at 3, 5-7.

## II.  SUMMARY DISMISSAL

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Having evaluated the substance of Green's grounds for relief, as detailed in his brief in support of his Section 2255 motion, to determine whether they are properly brought only under Section 2255, the Court concludes that they are not.

After conviction and exhaustion or waiver of the right to direct appeal, a defendant is presumed to be fairly and finally convicted. *United States v. Cervantes*,

132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)).  "Section 2255 provides the primary means of 'collaterally attacking a federal sentence[.]'" *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (citation omitted).  Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted).

Here, even liberally construing Green's amended Section 2255 motion and brief in support, his allegations do not present a cognizable basis for relief under Section 2255.  Although Green's Section 2255 filings reference his federal sentence in the underlying criminal proceedings before this Court, he does not assert any constitutional violation or jurisdictional issue related to same.  Instead, he complains only about alleged constitutional violations or deprivations in connection with his state criminal proceedings, convictions, and sentences.  Accordingly, because he does not assert any constitutional or jurisdictional challenges to his federal conviction or sentence, his amended Section 2255 motion is summarily dismissed.

### III.  STATE EXHAUSTION

To the extent Green's filings challenge the constitutionality of his state criminal convictions and sentences, the Court liberally construes the Section 2255 motion as seeking relief under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State

court." 28 U.S.C. § 2254(a); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (concluding that "Section 2254 confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments" (citation and internal quotation marks omitted).). Even so, Green is not entitled to federal habeas relief.

A petitioner seeking to collaterally attack his state conviction or sentence must fully exhaust state remedies before seeking federal habeas relief under Section 2254. *See* 28 U.S.C. § 2254(b). Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state"—namely, the Texas Court of Criminal Appeals ("TCCA")—in a petition for discretionary review ("PDR") or a state application for a writ of habeas corpus. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *see also Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

A federal district court may raise the lack of exhaustion *sua sponte*. *See Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997). It may dismiss without prejudice a Section 2254 petition that contains unexhausted grounds for relief. *See, e.g., Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by a petitioner before those claims are heard in federal court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

As Green sought relief in this habeas action under Section 2255, his filings are silent as to his efforts to exhaust state court remedies for purposes of Section 2254. A review of available state court records, however, shows that Green has not sought discretionary review by the TCCA, either through a PDR or state habeas application,

on any of the claims raised in this action. *See* Texas Judicial Branch, Case Search, http://search.txcourts.gov (last visited Jan. 27, 2026). He therefore is not entitled to habeas relief under Section 2254 based on a failure to exhaust state remedies. Accordingly, liberally construed as a habeas corpus petition under Section 2254, Green's amended motion is dismissed without prejudice for failure to exhaust state remedies.

## IV. CONCLUSION

For the aforementioned reasons, the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Dkt. No. 6) is summarily **DISMISSED WITHOUT PREJUDICE**. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

To the extent the amended motion is liberally construed as a habeas corpus petition under 28 U.S.C. § 2254, it is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

**SO ORDERED.**

**Signed January 28th, 2026.**

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE